**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE: TIKTOK INC. CONSUMER PRIVACY LITIGATION** | ) ) ) ) | **MDL No. 2948** <br><br> **Master Docket No. 20 C 4699** |
| **This Document Relates to:** | ) ) | **Judge Rebecca R. Pallmeyer** |
| **Bravo v. TikTok, Inc.** | 23 C 225 ) | |
| **Murphy v. TikTok, Inc.** | 23 C 504 ) | |
| **Buckley v. TikTok, Inc.** | 23 C 841 ) | |
| **Tado v. TikTok, Inc.** | 23 C 1430 ) | |
| **Recht v. TikTok Inc.** | 23 C 2248 ) | |
| **Fleming v. TikTok, Inc.** | 23 C 2260 ) | |
| **E.K. v. TikTok Inc.** | 23 C 2262 ) | |
| **Androshchuk v. TikTok, Inc.** | 23 C 2462 ) | |
| **Albaran v. TikTok, Inc.** | 23 C 2463 ) | |
| **G.R. v. TikTok, Inc.** | 23 C 2464 ) | |
| **Moody v. TikTok, Inc.** | 23 C 2465 ) | |
| **Schulte v. TikTok, Inc.** | 23 C 2466 ) | |
| **Fugok v. TikTok, Inc.** | 23 C 2467 ) | |

**ORDER**

The parties are directed to submit briefs on the question whether "in-app browser" claims asserted in these cases should be dismissed on the basis of the settlement entered into in 2022. Such briefs shall be submitted simultaneously on or before August 11, 2023, and should be limited to 15 pages. Plaintiffs' attorneys are expected to confer with one another and agree to collaborating on the filing of one or a small number of joint briefs. The court requests that counsel review the court's list of cases above, and promptly notify the court's deputy clerk if the list is incomplete. Co-Lead Counsel previously appointed in this MDL have leave to submit briefs on this issue as well.

**STATEMENT**

In the cases identified in the caption, Plaintiffs allege that Defendant TikTok illegally intercepts users' communications and activities on third-party websites by means of the web browser in the TikTok App (the "in-app browser"). Specifically, Plaintiffs assert that, when users access third-party websites through the in-app browser, the browser inserts JavaScript code that then tracks users' keystrokes and activities on the third-party websites and collects all of the data that users enter on those sites. Each of the cases listed above is a proposed nationwide or statewide class action. Each asserts claims under the Federal Wiretap Act or state anti-wiretapping statutes. Plaintiff have also alleged violations of state data privacy and consumer protection laws, and common-law claims for invasion of privacy or unjust enrichment.

TikTok has argued that Plaintiffs' claims should proceed, if at all, in this court, as they are related to cases consolidated earlier before Judge John Lee (then a judge of this court, now on the Court of Appeals for the Seventh Circuit): MDL No. 2948, *In re TikTok, Inc., Consumer Privacy Litigation*. In centralizing those cases before Judge Lee, the Joint Panel on Multidistrict

Litigation ("JPML" or the "Panel") characterized those claims as charging TikTok, through its popular social networking app, with engaging in "the scanning, capture, retention, and dissemination of the facial geometry and other biometric information of users of the app." *In re TikTok, Inc., Consumer Privacy Litig.*, 481 F. Supp. 3d 1331, 1331 (J.P.M.L. 2020). Almost a year ago, Judge Lee approved a class settlement of that MDL. *See In re TikTok, Inc., Consumer Privacy Litig.*, 565 F. Supp. 3d 1076 (N.D. Ill. 2021) (granting preliminary approval); *In re TikTok, Inc., Consumer Privacy Litig.,* 617 F. Supp. 3d 904 (N.D. Ill. 2022) (final approval); Docket Nos. 160, 161, 162, 260, and 261 in 20 C 4699.

Whether the settlement of MDL No. 2948 bars Plaintiffs from pursuing their newly-filed claims is disputed. Plaintiffs urge that MDL No. 2948 was limited to the claims asserted initially: that TikTok improperly collected users' biometric data through the video-sharing functions of the app. They argue that these newer cases, regarding in-app browser actions, involve distinct questions of fact and law and should be centralized as a new MDL. TikTok insists that the claims asserted in MDL No. 2948 expanded beyond the original focus on biometric data. Citing language in the consolidated class action complaint, the settlement agreement, and Judge Lee's orders, TikTok contends that the settlement thus encompasses claims relating not only to biometric data but also to the improper collection of all user data through the TikTok app.

The JPML has considered this argument and concluded it is a "merits issue," and therefore properly decided by the transferee court. *In re: TikTok In-App Browser Consumer Privacy Litig.*, MDL No. 3067, ___ F. Supp. 3d ___, 2023 WL 2875731 at *2 (J.P.M.L. Apr. 7, 2023). The Panel pointed out that in entering a final judgment in MDL No. 2948, Judge Lee "expressly retained jurisdiction over the interpretation and enforcement of the class settlement and enjoined further litigation by class members relating to the released claims." *Id*. The JPML has transferred the cases to this court. Although I personally did not enter that final judgment, I am prepared to exercise the jurisdiction retained by my colleague and to turn, first, to the question whether some or all of the claims asserted in the "in-app browser" cases are subject to the MDL No. 2948 settlement. If one or more of those claims survives this analysis, the court will need to develop a case management plan and potentially make determinations about appointment of lead and liaison Plaintiffs' counsel.

The court invites the parties to submit briefs on the question whether in-app browser claims should be dismissed on the basis of settlement. Such briefs shall be due on or before August 11, 2023, and should be limited to 15 pages. Plaintiffs' counsel are expected to confer with one another and agree to collaborate on the filing of one or a small number of joint briefs. Co-Lead Counsel previously appointed in this MDL have leave to submit briefs on this issue as well.

ENTER:

Dated: July 12, 2023

_____
REBECCA R. PALLMEYER
United States District Judge